**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4322**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ERNEST JOSHON WRIGHT,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:12-cr-00126-FL-1)

Submitted: October 21, 2014          Decided: October 23, 2014

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER & BRYAN, PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Joshon Wright appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute cocaine, oxycodone, methadone, and marijuana, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Wright pled guilty pursuant to a written plea agreement and was sentenced to seventy-eight months' imprisonment. On appeal, counsel for Wright has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in finding at sentencing that Wright is a "very dangerous person." Wright has filed a pro se supplemental brief alleging ineffective assistance of trial counsel and prosecutorial misconduct. The government has moved to dismiss the appeal as barred by the appellate waiver included in Wright's plea agreement.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's

2

waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Wright knowingly and voluntarily waived his right to appeal his conviction and sentence, with certain specified exceptions. Because the government seeks to enforce this valid waiver, we grant the motion to dismiss in part and dismiss Wright's appeal as to the sentencing claim raised in the Anders brief, which is clearly within the waiver's scope.

We decline to consider Wright's pro se claim of ineffective assistance of counsel because the record does not conclusively establish any deficiencies in counsel's representation. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard). Such challenges to counsel's performance are not cognizable on direct appeal and must be pursued, if at all, in a proceeding for postconviction relief. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

We have reviewed Wright's remaining pro se claim and the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver. We therefore affirm the district court's judgment as to all

3

issues not encompassed by Wright's broad waiver of appellate rights.

This court requires that counsel inform Wright, in writing, of the right to petition the Supreme Court of the United States for further review. If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wright. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART